JS-6

Bevin Allen Pike (SBN 221936)
Bevin.Pike@capstonelawyers.com
Daniel Jonathan (SBN 262209)
Daniel.Jonathan@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
CAPSTONE LAW APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiff Karina Flanagan

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARINA FLANAGAN, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SBARRO LLC, a New York limited liability company; and DOES 1 through 10, inclusive,<br>　　　　　Defendants. | Case No.: 5:23-cv-02074-SSS-SHKx<br><br>Assigned to the Hon. Sunshine S. Sykes<br><br>[PROPOSED] **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT AND JUDGMENT**<br><br>Date:　　June 13, 2025<br>Time:　　2:00 p.m.<br>Place:　　Courtroom 2 |

## ORDER AND JUDGMENT

This matter came before the Court for a hearing on the Motion for Final Approval of the Class Action and PAGA Settlement and Motion for Attorneys' Fees, Costs, and a Class Representative Enhancement Payment (collectively, the "Motions"). Due and adequate notice having been given to Class Members as required by the Court's Preliminary Approval Order, and the Court having reviewed the Motions, and determining that the settlement is fair, adequate and reasonable, and otherwise being fully informed and **GOOD CAUSE** appearing therefore, it is hereby **ORDERED AS FOLLOWS**:

1. For the reasons set forth in the Preliminary Approval Order, which are adopted and incorporated herein by reference, this Court finds that the requirements of FRCP 23 have been satisfied.

2. This Order hereby adopts and incorporates by reference the terms and conditions of the Joint Stipulation of Class Action and PAGA Settlement and Release ("Settlement Agreement" or "Settlement"), together with the definitions and terms used and contained therein.

3. The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

4. The Class Notice fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to opt out or object; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the United States of America and due process. The Class Notice fairly and adequately described the settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information.

5. Class Members were given a full opportunity to participate in the Final Approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and

properly opt out of the settlement are bound by this Order.

6. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by Plaintiff's Counsel; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

7. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of counsel. The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

8. Accordingly, the Court hereby approves the settlement as set forth in the Settlement Agreement and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Settlement Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Settlement Agreement. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided by the settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement provides Class Members with fair and adequate relief.

9. The Settlement Agreement is not an admission by Defendant or by any other Released Party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other Released Party. Neither this Order, the Settlement

Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, waiver of defenses, or liability whatsoever by or against Defendant or any of the other Released Parties.

10. Final approval shall be with respect to: All persons who worked for Defendant as non-exempt, hourly employees in the State of California at any time from July 25, 2018 through July 4, 2024.

11. Plaintiff Karina Flanagan is an adequate and suitable representative and is hereby appointed the Class Representative for the Settlement Class. The Court finds that Plaintiff's investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and that her interests are aligned with those of the Settlement Class.

12. The Court hereby awards Plaintiff a Class Representative Enhancement Payment of $10,000 for her service on behalf of the Settlement Class, and for agreeing to a general release of all claims arising out of her employment with Defendant.

13. The Court finds that the attorneys at Capstone Law APC have the requisite qualifications, experience, and skill to protect and advance the interests of the Settlement Class. The Court therefore finds that counsel satisfy the professional and ethical obligations attendant to the position of Class Counsel, and hereby appoints Capstone Law APC as counsel for the Settlement Class.

14. The settlement of civil penalties under PAGA in the amount of $60,000 is hereby approved. Seventy-Five Percent (75%), or $45,000, shall be paid to the California Labor and Workforce Development Agency. The remaining Twenty-Five Percent (25%), or $15,000, will be paid to PAGA Members.

15. The Court hereby awards $258,333 in attorneys' fees and $17,770.87 in costs and expenses to Capstone Law APC. The Court finds that the requested award of attorneys' fees is reasonable for a contingency fee in a class action such as this; i.e., one-third of the common fund created by the settlement. Counsel have also established the

reasonableness of the requested award of attorneys' fees via their lodestar crosscheck, and the Court finds that the attorney staffing, hours billed, and hourly rates are reasonable.

16. The Court approves settlement administration costs and expenses in the amount of $15,250 to CPT Group, Inc.

17. All Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Settlement Agreement and of the Court's Order and Judgment shall be forever binding on all Participating Class Members. These Participating Class Members have released and forever discharged the Released Parties for any and all Released Class Claims during the Class Period:

> All claims that were alleged, or reasonably could have been alleged, based on the facts alleged in the operative Complaint during the Class Period, including but not limited to, all claims for failure to pay for all hours worked, unpaid wages (including minimum wage, straight time, overtime and double time), meal period violations (including meal premiums), rest break violations (including rest premiums), failure to pay premium wages at the correct regular rate, failure to pay final wages, failure to timely pay wages, failure to provide accurate wage statements, failure to pay reporting time, failure to pay vested vacation time, failure to reimburse business expenses, unlawful/unfair business practices, and failure to keep requisite payroll records, including all claims for restitution or equitable relief, civil penalties (excluding PAGA civil penalties), statutory penalties of any nature whatsoever, attorneys' fees and costs.

18. Additionally, all PAGA Members and the LWDA have released and forever discharged the Released Parties for any and all Released PAGA Claims during the PAGA Period:

> All claims for PAGA penalties that were alleged, or reasonably could have been alleged, based on the facts alleged in the operative Complaint in the Lawsuit and Plaintiff's PAGA Notice during the PAGA Period including but not limited to, all claims for failure to pay for all hours worked, unpaid wages (including minimum wage, straight time, overtime and double time), meal period violations (including meal premiums), rest break violations (including rest premiums), failure to pay premium wages at the correct regular rate, failure to pay final wages, failure to timely pay wages, failure to

provide accurate wage statements, failure to pay reporting time, failure to pay vested vacation time, failure to reimburse business expenses, failure to keep requisite payroll records, including all claims for attorneys' fees and costs.

19. Judgment in this matter is entered in accordance with the above findings.

20. Without affecting the finality of the Judgment, the Court shall retain exclusive and continuing jurisdiction over the above-captioned action and the parties, including all Participating Settlement Members and PAGA Members, for purposes of enforcing the terms of the Judgment entered herein.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: July 15, 2025

HON. SUNSHINE S. SYKES
United States District Judge